Davis, Doolittle & Wyman, for bankrupt.
Sterne Chittenden, for creditor.

## Case No. 8,392.

### In re LITTLE.

[19 N. B. R. 234; [1] 2 N. J. Law J. 211.]

District Court, D. New Jersey. May 31, 1879.

BANKRUPTCY—EXAMINATION—HOW WAIVED BY CREDITORS.

It is the right of even a small minority of the creditors present at a composition meeting to insist upon the opportunity for an examination of the bankrupt before a vote is taken; but such right is waived by moving for a vote before such examination has been had.

On exceptions to recording resolution for composition.

Mr. Regensburger, for bankrupt.
Mr. Meyers and Mr. Colton, for creditors.

NIXON, District Judge. The objections to recording the resolution on the ground that the bankrupt had not been examined came too late. An opportunity for his examination is doubtless the right of all creditors, but it is a right which may be waived, and the register's report of the proceedings of the last meeting shows a legal waiver. It appears by that report that the attorney for the bankrupt was desirous of an adjournment owing to the necessary absence of the bankrupt, who has been subpoenaed to attend as a witness in a case pending before a United States commissioner in the city of New York, the reason assigned for such adjournment being that some of the creditors might desire the examination of the bankrupt before voting upon the resolution.

The opposing creditors then refused to assent to an adjournment, and the register declined to grant it, but acceded to the request of the counsel of the bankrupt for a recess of one hour. On the creditors re-assembling at the end of the recess, Mr. Reeve, attorney in fact of the great body of the bankrupt's creditors, moved: "That Mr. Little be excused from attendance at the meeting because of his engagement before the U. S. commis-

[1] [Reprinted from 19 N. B. R. 234, by permission.]

sioner under the subpoena referred to, and because the creditors do not care to have him examined." It has not appeared that any vote was taken upon the resolution, nor that any objections were made to it, but the register proceeds to say that Mr. Regensburger presents on the debtor's behalf a statement of assets and debts. The proposal is then read, the resolution passed, and the vote is taken thereon. * * * The register rules that after a vote the resolutions have been passed by a majority in number and three-fourths in value of the creditors present at the first meeting. The register then asks if any objections to the resolutions or other objections for certification to the judge are desired to be made by any person present.

Mr. Colton, attorney for some of the creditors, states that if he has any objections he will make the same to the court on the hearing. The register says that if any objections are to be made, they should now be presented to the register, and ruled upon by him before being submitted to the judge. Mr. Meyers presents two objections in writing on behalf of James Patton, an opposing creditor, to wit: (1) To the taking of any vote of creditors until the examination of the bankrupt is had and concluded. (2) To the proceeding of the meeting, on the ground that the bankrupt is not present, and has shown no excuse for such absence.

The provisions of the section in regard to composition proceedings are that "the debtor, unless prevented by sickness or other cause satisfactory to such meeting, shall be present at the same, and shall answer any inquiries made of him, and he, or if he is so prevented from being at such meeting, some one in his behalf shall produce to the meeting a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due." Under such provisions, it was undoubtedly the right of even a small minority of the creditors to insist upon the opportunity for an examination of the bankrupt before a vote was taken, and this court has uniformly respected the right of the minority in this respect. I must assume, however, that the register has correctly reported the proceedings, and it appears from them that the parties who now oppose the recording of the resolutions because the bankrupt has not been examined, are the same parties that opposed the adjournment, and insisted upon a vote upon the resolutions in the face of the bankrupt's offer to come on the next day to offer himself for an examination. The court cannot permit such experimenting. They made their election to act upon the resolutions, knowing that no examination had been had, and it is now too late to object on that ground.

No other objections have been exhibited, and, no satisfactory reason appearing to the contrary, it is ordered that the resolutions be recorded.